[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11642
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-01595-RBD-DAB

JORGE VAZQUEZ,

Plaintiff-Appellant,

versus

BARRY MELAMED,
Executive Director,

Defendant,

ORANGE COUNTY SERVICE UNIT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In this case, Jorge Vazquez sued his former employer, Orange County Service Unit ("OCSU"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). OCSU provided administrative services to two unions in the Orange County, Florida School District—Orange Education Support Professionals Association ("OESPA") and Classroom Teachers Association ("CTA"). In his complaint, Vazquez alleged that OCSU, in violation of Title VII, subjected him to a hostile work environment (Count I), retaliatory discharge (Count II), and disparate treatment (Count III).[1] The District Court granted OCSU summary judgment on Vazquez's Title VII claims. Vazquez appeals. We affirm.

Title VII prohibits "employers" from discriminating against their employees on the basis of race, color, or national origin. 42 U.S.C. § 2000e-2(a). Likewise, it prohibits "employers" from retaliating against an employee because that individual opposed any practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). An "employer" is an entity that has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar

---

[1] The District Court also granted OCSU summary judgment on Vazquez's defamation claim (Count IV). It is not before us in this appeal because Vazquez did not challenge the court's disposition of that claim in his opening brief.

year."  42 U.S.C. § 2000e(b).[2]  The District Court found that OSCU was not an employer because it did not employ fifteen or more employees during the relevant time period.  Vazquez challenges this finding.  We find no error.  Viewed in the light most favorable to Vazquez, the evidence showed that OSCU never employed more than 14 employees during the relevant time period.  The Supreme Court has expressly authorized the payroll method as the primary means of determining the existence of an employment relationship.  *Walters v. Metro. Educ. Enter., Inc.,* 519 U.S. 202, 207, 117 S. Ct. 660, 664, 136 L. Ed. 2d 644 (1997).  And OCSU's payroll records clearly demonstrated that it never had more than 14 employees on its payroll at any point during the relevant time period, between January 2010 and December 2012.  Although Vazquez argued that OCSU actually employed more individuals than those listed on its payroll, he failed to produce any evidence in support of this claim.  Vazquez's conclusory assertion that OCSU employed more than 15 employees cannot save the day.  *Holifield v. Reno,* 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997).  In sum, OCSU was entitled to summary judgment on Vazquez's Title VII claims.

---

[2] As noted in the style of this case, Vazquez sued his former supervisor, Barry Melamed, in addition to OCSU.  Melamed was not a Title VII "employer" and therefore was not subject to suit under the statute.  *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998).

AFFIRMED.[3]

---

[3] We lack jurisdiction to review Vazquez's argument that the Magistrate Judge erred in denying his motion to compel discovery because he failed to object to the ruling before the District Court. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003) ("Failure to challenge [a] magistrate judge's discovery order to [a] district court constitutes waiver of [that] claim on appeal." (citation omitted) (quotation marks omitted)). We also lack jurisdiction to review Vazquez's argument that the District Court erred in denying his Fed. R. Civ. P. 59 motion to alter or amend judgment because his notice of appeal stated that he was appealing from the District Court's order granting summary judgment. Vazquez filed his Rule 59 motion the same day he filed his notice of appeal. We cannot infer that the notice challenged the District Court's denial of that motion because the District Court did not deny the motion until two months later. *See McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986).